**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROGER DOUGLAS MERRICK,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 08-CV-322-TCK-FHM** |
| | ) | |
| **JUSTIN JONES, Director; and** | ) | |
| **ATTORNEY GENERAL OF** | ) | |
| **THE STATE OF OKLAHOMA,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**OPINION AND ORDER**

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner

Roger Douglas Merrick, a state prisoner appearing *pro se*. Respondent filed a response to the

petition (Dkt. # 9), and provided the state court record necessary for resolution of Petitioner's claims

(Dkt. ## 9, 10, and 11). Petitioner did not file a reply. For the reasons discussed below, the Court

finds the petition for writ of habeas corpus shall be denied.

***BACKGROUND***

On October 16, 2005, at approximately 5:00 a.m., Charles Bennett, the store clerk at the

Fiesta Mart located at 8102 South Sheridan Road, in Tulsa, Oklahoma, went outside to smoke a

cigarette and to check the gas pumps. He was working alone at the time. While he was outside the

store, Bennett saw an individual dart back behind the corner of the building. The individual,

wearing a dark mask and carrying a pistol, approached Bennett. He pointed the pistol at Bennett and

told him to go back in the store or he would be shot. Bennett ran in the opposite direction with the

individual chasing him and yelling, "Stop or I'll shoot." After running a short distance, the

individual stopped the chase, returned to the store, and went inside. Bennett dialed 911 on his cell

phone and returned to the area near the gas pumps. While talking to the 911 dispatcher, Bennett

observed the individual leave the store with his mask removed.  He was carrying a black bag.

Bennett viewed the man's face for 5-10 seconds.  The man ran across the street where he got into

a vehicle.  Bennett was able to give a description of the vehicle to police.  Within twenty minutes

of the robbery, police officers had stopped a vehicle matching the description given by Bennett.

Petitioner Roger Douglas Merrick was the driver.  Police conducted a search of the vehicle.  They

found a black plastic trash bag containing numerous cartons of Marlboro cigarettes, a toy pistol, a

pair of black panty hose, and no insurance verification form.  In addition, the vehicle had an expired

tag.  Bennett was transported to the scene where he positively identified both the vehicle and

Petitioner as the man who used a firearm to rob the Fiesta Mart.

Based on those events, Petitioner was convicted after a jury trial, in Tulsa County District

Court, Case No. CF-2005-4701, of Count I, Robbery With a Firearm, After Former Conviction of

Two or More Felonies (originally Count II); Count II, Driving Without Owner's Security

Verification (originally Count VI); and Count III, Taxes Due State (originally Count VII).  On June

26, 2006, the trial court judge sentenced Petitioner in accordance with the jury's recommendation

to thirty (30) years imprisonment on Count I, and payment of a $50.00 fine on each of Counts II and

III. Petitioner was represented during trial proceedings by attorney Cori Grayson.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA").

Represented by attorney Stuart Southerland, Petitioner raised the following propositions of error:

Proposition 1: The State presented insufficient evidence to establish Appellant's guilt of
Robbery With an Imitation Firearm.

Proposition 2: It was error to fail to instruct the jury as to the provisions of 21 O.S.2001, §
796.

Proposition 3: It was reversible error to deny Appellant's request for lesser-included or
related offense instructions.

Proposition 4: The trial court had already suppressed Appellant's statements to Officer Jones in a pretrial hearing due to his inability to identify Appellant as the person who made the statements to him. It was error to permit the officer to testify in front of the jury for the purpose of providing biographical information that had been given to the officer by Appellant.

Proposition 5: Appellant received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
a) Trial counsel failed to request appropriate instructions.
b) Trial counsel failed to elicit testimony from Officer Jones as to his inability to identify Appellant.
c) Defense counsel failed to present evidence that Mr. Merrick was arrested wearing different clothing than that which was described by the victim.

Proposition 6: The accumulation of error in this case deprived Appellant of due process of law and a reliable sentencing proceeding, therefore necessitating reversal pursuant to the Eighth and Fourteenth Amendments to the United States Constitution.

See Dkt. # 9, Ex. 1. In an unpublished summary opinion filed August 7, 2007, in Case No. F-2006-713 (Dkt. # 9, Ex. 3), the OCCA rejected each claim and affirmed the Judgment and Sentence of the district court.

In his petition, Petitioner states that on September 28, 2007, he filed a *pro se* application for post-conviction relief in the state district court. See Dkt. # 1. Petitioner further states that by order filed November 5, 2007, id., the state district court denied his application. Petitioner attempted to appeal. In his post-conviction petition in error, see Dkt. # 9, Ex. 4, Petitioner alleged that he received ineffective assistance of appellate counsel. By order filed February 28, 2008, in Case No. PC-2008-136, see Dkt. # 9, Ex. 5, the OCCA dismissed the appeal based on Petitioner's failure to provide a certified copy of the district court's order and the date of the district court's order denying post-conviction relief.

On May 30, 2008, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1).

In his petition, Petitioner identifies seven (7) grounds for relief, as follows:

Ground 1:   The Petitioner's conviction was not supported by sufficient evidence.

Ground 2:   It was error not to instruct the jury pursuant to 21 O.S.2001 § 796.

Ground 3:   The trial court errored [sic] by failing to give instructions on lesser included offenses.

Ground 4:   Error occurred in the admission of Officer Jones' testimony.

Ground 5:   The Petitioner received ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

Ground 6:   The accumulation of error in this case deprived Petitioner of due process of law and a reliable sentencing proceeding.

Ground 7:   Appellant [sic] counsel's assistance was ineffective and in violation of the Petitioner's state and federal constitutional rights.

See Dkt. # 1.  In response to the petition, Respondent asserts that Petitioner's claims are either not cognizable, procedurally barred, or do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 9.

## ANALYSIS

### A.    Exhaustion/Evidentiary Hearing

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982).  Upon review of the petition and the state court record, the Court finds that Petitioner has exhausted his state court remedies.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

### B.    Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated Petitioner's grounds 1-6 on direct appeal.  Therefore, those claims will be reviewed pursuant to § 2254(d).

**1.  Sufficiency of the evidence (ground 1)**

In his first proposition of error, Petitioner claims that the State presented insufficient evidence to support his conviction for Robbery With a Firearm. He argues that the State failed to prove one element of that crime, i.e., that he took personal property from the "person or the immediate presence of another." On direct appeal, the OCCA rejected this claim as follows:

> [A]fter reviewing the evidence in the light most favorable to the prosecution, a
> rational trier of fact could have found the essential elements of robbery with a

firearm beyond a reasonable doubt.  *See Easlick v. State*, 2004 OK CR 21, ¶ 15, 90 P.3d 556, 559.  Specifically, we find the evidence sufficient to prove the sixth element of the crime, that Appellant took the cigarettes from the "immediate presence of another."  *See Lancaster v. State*, 1976 OK CR 191, ¶ 6, 554 P.2d 32, 34; *Fields v. State*, 1961 OK CR 75, ¶ 4, 364 P.2d 723, 726.  At the time of the robbery, the store and items inside it were under the lone employee's control and were his responsibility.  Appellant used the weapon and threats to kill the employee to take the property under the employee's control and against the employee's will.  That the employee was not in close physical proximity to the cigarettes at the time Appellant took them was solely due to Appellant's threatening conduct as the employee would have returned inside the store in due course after his break if not for Appellant's threats and use of the weapon.  Further, it was not necessary that the employee actually see Appellant take the cigarettes or know exactly what items were being taken in order for there to be a completed robbery.  *See Spears v. State*, 1995 OK CR 36, ¶¶ 23-24, 900 P.2d 431, 440; *Diaz v. State*, 1986 OK CR 167, ¶ 6, 728 P.2d 503, 509 (it is not necessary that a robbery victim see or hear the taking of his property).

(Dkt. # 7, Ex. 3).

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319.

The Court finds that the evidence was sufficient for a rational fact-finder to have found beyond a reasonable doubt that Petitioner was guilty of Robbery With a Firearm.  Upon review of the evidence in the light most favorable to the prosecution, the Court finds sufficient evidence supported the element of Robbery With a Firearm requiring that property be taken from the immediate presence of another. Mr. Bennett was the only employee working at the time of the

6

robbery. <u>See</u> Dkt. # 11-4, Tr. Trans. at 132-33.  The robber effected the robbery by threatening to

shoot Mr. Bennett.  <u>Id.</u> 134, 135. That evidence demonstrates that the robber took property under

the control of Mr. Bennett and against Mr. Bennett's will. Therefore, the Court concludes that the

evidence was sufficient to support Petitioner's conviction and the OCCA's resolution of Petitioner's

challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of

federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. §

2254(d)(2). <u>See</u> <u>Dockins</u>, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide

whether sufficiency of the evidence on habeas review presents a question of law or fact).  Petitioner

is not entitled to habeas corpus relief on this claim.

**2.  Issues of state law are not cognizable in federal habeas corpus (grounds 2, 3, and 4)**

As his second and third grounds of error, Petitioner alleges that the trial court erred in failing

to instruct the jury pursuant to 21 O.S.2001 § 796,[1] and in failing to instruct on lesser included

offenses, respectively. The OCCA considered and rejected these claims on direct appeal.  According

to the OCCA, section 796, "taking without knowledge of robbery," "applies in situations where there

is no force or fear used to induce the victim to part with his property." <u>See</u> Dkt. # 9, Ex. 3 at 3.

Because "force/fear was definitely used to accomplish the robbery, . . . § 796 is not applicable to the

current case and an instruction on that section was not warranted." <u>Id.</u> at 4.  As to the failure to

instruct on the lesser included offense of Larceny of Merchandise from a Retailer, the OCCA

determined that "the evidence did not support the requested instruction and the trial court did not

abuse its discretion in denying the instruction." <u>Id.</u>  The OCCA also found that the trial court did

---

[1]       The statute relied on by Petitioner, titled "Taking Secretly Not Robbery," provides that "[t]he taking of property from the person of another is not robbery, when it clearly appears that the taking was fully completed without his knowledge." Okla. Stat. tit. 21, § 796 (2002).

7

not err in refusing to give the requested instruction on possession of a firearm after former conviction of a felony.  Id.

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state trial conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial."). Thus, the burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)).

Petitioner has failed to demonstrate that the OCCA's adjudication of these claims was contrary to, or an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented at trial. 28 U.S.C. § 2254(d)(1),(2). Mr. Bennett testified that when Petitioner pointed the gun at him, he thought he was going to be killed.  See Dkt. # 11-4, Tr. Trans. at 161-62.  Thus, Mr. Bennett's testimony established that the robbery was accomplished by fear and force.  As a result, an instruction pursuant to Okla. Stat. tit. 21, § 796, was not warranted.  Furthermore, Tenth Circuit precedent establishes a rule of "automatic non-reviewability" for claims based on a state court's failure, in a non-capital case, to give a lesser included offense instruction.  Dockins, 374 F.3d at 938

(stating that neither the Tenth Circuit nor the United States Supreme Court has ever recognized a federal constitutional right to a lesser included offense instruction in non-capital cases). Petitioner's trial was not rendered fundamentally unfair as a result of the trial court's failure to instruct the jury as requested by Petitioner. Petitioner is not entitled to habeas corpus relief under § 2254(d) on grounds two and three.

In ground four, Petitioner alleges that, in a pretrial hearing, the trial court suppressed statements he made to Officer Jones based on the officer's inability to identify Petitioner. Therefore, Petitioner claims it was error to allow Officer Jones to testify at trial concerning Petitioner's birth date and social security number. The OCCA rejected this claim, finding that the inquiries were "necessary for proper booking procedures and do not amount to interrogation. The trial court's ruling on the motion to suppress went to incriminating statements made by Appellant and did not include his response to questions for basic personal information." See Dkt. # 9, Ex. # 3.

"[F]ederal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991); see also Hooks v. Workman, 606 F.3d 715, 748 (10th Cir. 2010). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle, 502 U.S. at 67-68. "In a habeas proceeding claiming a denial of due process, 'we will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes, 46 F.3d at 987 (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)). "[W]e approach the fundamental fairness analysis with 'considerable self-restraint.'" Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1998) (quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir. 1990) (en banc)). A proceeding is fundamentally unfair under the Due Process

Clause only if it is "shocking to the universal sense of justice." United States v. Tome, 3 F.3d 342,

353 (10th Cir. 1993) (quoting United States v. Russell, 411 U.S. 423, 432 (1973) (internal quotation

omitted)), rev'd, 513 U.S. 150 (1995).

Petitioner has failed to demonstrate that his trial was rendered fundamentally unfair by the

trial court's admission of Officer Jones' testimony.  Officer Jones testified that, after Petitioner's

arrest, he completed the arrest and booking sheet based on information provided by Petitioner. See

Dkt. # 11-4, Tr. Trans. at 225-27.  Officer Jones told the jury Petitioner's date of birth and social

security number as they were written on the arrest and booking sheet. Id. at 227. Whether or not

Officer Jones could identify Petitioner was not relevant to his trial testimony. As a result, the trial

court's admission of the testimony did not render Petitioner's trial fundamentally unfair.  Petitioner

is not entitled to habeas corpus relief under § 2254(d) on ground four.

### 3.  Ineffective assistance of trial counsel (ground 5)

Next, Petitioner complains that trial counsel provided ineffective assistance in failing to

request appropriate instructions, in failing to elicit testimony from Officer Jones as to his inability

to identify Petitioner, and in failing to present evidence that Petitioner was arrested wearing different

clothing than that which was described by the victim. On direct appeal, the OCCA denied relief,

citing Bland v. State, 4 P.3d 702, 731 (Okla. Crim. App. 2000) (citing Strickland v. Washington, 466

U.S. 668, 694 (1984)), and finding that Petitioner had "failed to show there is a reasonable

probability that but for any omissions by counsel, the result of the trial would have been different."

See Dkt. # 9, Ex. 3.  The OCCA also denied Petitioner's request for an evidentiary hearing on his

claims of ineffective assistance of counsel, citing Short v. State, 980 P.2d 1081, 1108 (Okla. Crim.

App. 1999), and finding that he had "failed to show by clear and convincing evidence a strong

10

possibility that defense counsel was ineffective for failing to investigate further and utilize the complained-of evidence." See Dkt. # 9, Ex. 3.

To be entitled to habeas corpus relief on his claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication of this claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

The Court agrees with the OCCA that Petitioner cannot satisfy the prejudice prong of the Strickland standard. The State's evidence against Petitioner was strong. Even if trial counsel

performed deficiently in failing to raise the identified claims, Petitioner cannot show that the results

of the proceeding would have been different but for counsel's deficient performance. Even if trial

counsel had successfully argued for lesser included offense instructions, Petitioner cannot show, in

light of the jury having found him guilty of Robbery With a Firearm, that the result of the

proceeding would have been different. Similarly, even if trial counsel performed deficiently in

failing to ask Officer Jones if he could identify Petitioner or in failing to challenge Mr. Bennett's

description of the robber's clothing, Petitioner cannot demonstrate, in light of the strength of the

State's evidence, that the result of the proceeding would have been different. Petitioner has failed

to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable

application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not

entitled to habeas corpus relief on this claim.

### 4. Cumulative error (ground 6)

As his sixth proposition of error, Petitioner claims that he is entitled to a new trial based on

cumulative error. The OCCA rejected this claim on direct appeal, stating that "as we have found

none of the claims of error raised in the appellate brief warrant relief, we find Appellant was not

denied a fair trial by the accumulation of error. *See Lott v. State*, 2004 OK CR 27, ¶ 166, 98 P.3d

318, 357." See Dkt. # 9, Ex. 3.

In analyzing a cumulative error claim, the proper inquiry "aggregates all the errors that

individually might be harmless [and therefore insufficient to require reversal], and it analyzes

whether their cumulative effect on the outcome of the trial is such that collectively they can no

longer be determined to be harmless." United States v. Wood, 207 F.3d 1222, 1237 (10th Cir. 2000)

(quotation omitted). Cumulative error analysis is applicable only where there are two or more actual

errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors

is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States

v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having found no error in this case, the Court finds

no basis for a cumulative error analysis. Therefore, Petitioner has failed to demonstrate that the

OCCA's rejection of this claim is contrary to, or an unreasonable application of, federal law as

determined by the Supreme Court. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief

on this ground.

## C. Procedural bar

As his seventh ground of error, Petitioner claims he received ineffective assistance of

appellate counsel. In his post-conviction petition in error, see Dkt. # 9, Ex. 4, Petitioner provided

a checklist of claims omitted by appellate counsel. The OCCA dismissed the post-conviction appeal

based on Petitioner's failure to comply with Rule 5.2(C), Rules of the Oklahoma Court of Criminal

Appeals. See Dkt. # 9, Ex. 5.

The doctrine of procedural default prohibits a federal court from considering a specific

habeas claim where the state's highest court declined to reach the merits of that claim on

independent and adequate state procedural grounds. Coleman v. Thompson, 501 U.S. 722, 729

(1991). "A state court finding of procedural default is independent if it is separate and distinct from

federal law." Maes, 46 F.3d at 985. A finding of procedural default is an "adequate" state ground

if it has been applied evenhandedly "in the vast majority of cases." Id. (citation omitted).

The OCCA's dismissal of the post-conviction appeal was based on both an independent and

an adequate state procedural ground. The imposition of a procedural bar was an "independent" state

ground because "it was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. The

13

OCCA's reliance on Rule 5.2(C) for imposition of a procedural bar was also an "adequate" ground. See Johnson v. Champion, 288 F.3d 1215, 1227 n.3 (10th Cir. 2002) (finding that failure to comply with Rule 5.2(C) is an "adequate" ground); Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir. 1998) (same).  Therefore, federal habeas corpus review of Petitioner's ground seven is precluded absent a showing by Petitioner of "cause and prejudice" for the default or that a fundamental miscarriage of justice will result if Petitioner's claims are not considered.  Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997).

The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  Id.  As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982).  A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted.  McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his petition, Petitioner makes no showing of either "cause and prejudice" or "a fundamental miscarriage of justice."   See Dkt. # 1.  In addition, he failed to file a reply to Respondent's response and offers no objection to the procedural bar defense raised by Respondent. As a result, the Court finds Petitioner has failed to demonstrate "cause and prejudice" or a "fundamental miscarriage of justice" sufficient to overcome the procedural bar.  Petitioner's claim of ineffective assistance of appellate counsel shall be denied as procedurally barred.

14

**D.  Certificate of appealability**

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)).

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. <u>See</u> <u>Dockins</u>, 374 F.3d at 938. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus

(Dkt. # 1) is **denied**. A separate judgment in favor of Respondents shall be entered in this matter.

A certificate of appealability is **denied**.

**DATED** this 24th day of February, 2012.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE

16